# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JAMES L. BROWN,

        Plaintiff,

v.                                                Case No. 11-CV-00462

KRAFT FOODS GLOBAL, INC.,KRAFT
PIZZA COMPANY, KRAFT FOODS, INC.

        Defendants.

## DECISION AND ORDER DENYING
## DEFENDANTS' MOTION TO DISMISS

In this action Plaintiff James L. Brown ("Brown") alleges he was terminated in violation of the Americans with Disabilities Act of 1990 ("ADA"), § 2 *et seq.*, 42 U.S.C.A. § 12101 *et seq*. Defendants Kraft Foods Global, Inc., Kraft Pizza Company, and Kraft Foods, Inc. (collectively "Kraft"), has filed a motion to dismiss pursuant to Fed. R. Civ. P 12(b)(6). Kraft's motion to dismiss is based on the prior dismissal of Brown's case when it was before the Equal Rights Division ("ERD") of the Wisconsin Department of Workforce Development. Kraft contends that the doctrine of issue preclusion applies and prevents Brown from re-litigating his case here. For the reasons set forth below, Kraft's motion to dismiss will be denied.

## BACKGROUND

James L. Brown suffered from documented back problems. (Compl. ¶¶ 16-20.) He worked at a Kraft facility in Little Chute, Wisconsin which produces frozen pizzas. On August 15, 2008,

Kraft terminated Brown's employment after he missed work. Alleging that his absences were the result of his ongoing back problems (*Id.*, ¶¶ 26, 28-29), Brown filed a discrimination complaint with the Equal Rights Division of the ERD on September 19, 2009. (*Id.* ¶ 5.) The ERD conducted an initial investigation of Brown's claim and issued a determination of no probable cause. (Feery Decl., Ex. 2, ECF No. 7.)

Brown then filed a timely appeal with the ERD, setting the stage for a hearing on the merits before an Administrative Law Judge ("ALJ"). (*Id.*, Ex. 3.) An ERD hearing entitles both parties to the full complement of discovery tools. WIS. ADMIN. CODE DWD § 218.21(4). However, after submitting his appeal, Brown failed to answer Kraft's interrogatories. (Feery Ex. 5-7.) On May 18, 2010, the ALJ ordered Brown to comply with discovery. (*Id.*, Ex. 5.) Brown did not do so. (*Id.*, Ex. 6.) As a consequence for Brown's failure to comply, the ALJ ordered that his complaint be dismissed with prejudice on January 5, 2011. (*Id.*, Ex. 7.) Shortly thereafter, on February 21, 2011, the EEOC issued a Dismissal and Notice of Rights. The Notice of Rights reads:

> Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act. This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time for filing suit based on a claim under state law may be different.)

(Culp Decl. ¶11 and Ex. 4.)

On May 13, 2011, Brown filed a complaint in this Court alleging that Defendants violated the ADA by terminating him due to a disability. (Compl., ¶ 1.) Kraft asserts that the judgment resulting from Brown's previous attempt to litigate in front of the ERD should prevent him from litigating his case in federal court. (Br. Supp, Mot. Dismiss, 1-2, ECF No. 6.)

2

## ANALYSIS

In a motion based on Fed. R. Civ. P. 12(b)(6), the question before the Court is whether any set of facts consistent with the complaint would give Brown a right to relief. *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). When considering the validity of the complaint, the Court may also take judicial notice of matters of public record. *Northgate Motors, Inc. v. Gen. Motors Corp.*, 111 F. Supp. 2d 1071, 1077 (E.D. Wis. 2000). Administrative agency decisions are therefore properly the subject of judicial notice. *Id.* This Court looks to the pleadings filed in this case in conjunction with the materials in the public record to determine if Brown's pleadings sufficiently state a ground on which he could obtain relief. *Id.* "[A]ffirmative defenses . . . may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks*, 578 F.3d at 579 (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)); *see also Northgate Motors*, 111 F. Supp. 2d at 1077 ("preclusion defense may be raised by a motion to dismiss."). It is proper for the Court to rule on issue preclusion at this time.

"The burden is on the party asserting issue preclusion to establish that it should be applied." *State v. Miller*, 683 N.W.2d 485, 493 (Wis. Ct. App. 1995). The burden of establishing issue preclusion in this case therefore falls on Kraft. Relying on the Seventh Circuit's decision in *Waid v. Merrill Area Public Schools*, 91 F.3d 857 (7th Cir. 1996), Kraft argues that ERD determination of Brown's WFEA claim is entitled to the same preclusive effect in federal court as it would receive in Wisconsin state courts. In the state ERD proceeding, Brown was afforded essentially the same procedural rights and protections that are available in a court, and he also had the ability to obtain judicial review of the ERD determination. The dismissal of Brown's appeal from the finding of no

3

probable cause, Kraft contends, therefore operates as a determination of the merits of his complaint and precludes his ADA action here.

In *University of Tennessee v. Elliott* the Supreme Court specifically held that unreviewed state administrative proceedings do not have preclusive effect on Title VII claims. 478 U.S. 788, 795-96 (1986). In support of its holding, the Court explained that Title VII requires the EEOC in investigating discrimination charges to give "substantial weight to final findings and orders made by State or local authorities in proceedings commenced under State or local [employment discrimination] law." *Id.* at 795 (quoting 42 U.S.C. § 2000e – 5(b)). The Court then noted that "it would make little sense for Congress to write such a provision if state agency findings were entitled to preclusive effect in Title VII actions in federal court." *Id.* (citing *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 470, n. 7 (1982)). The Court also noted that its decision in *Chandler v. Roudebush*, 425 U.S. 840 (1976), "strongly supports respondent's contention that Congress intended one in his position to have a trial *de novo* on his Title VII claim." *Id.* Although this case involves an ADA claim, not a Title VII claim, it makes no difference because "the ADA incorporates the same Title VII deferral procedures, *see* 42 U.S.C. § 12117 (incorporating 42 U.S.C. § 2000e-5), on which the Supreme Court relied in *Kremer* and *Elliott*; therefore, those holdings apply with equal force in the ADA context." *Thomas v. Contoocook Valley Sch. Dist.*, 150 F.3d 31, 39 & n. 5 (1st Cir.1998); *see also Pernice v. City of Chicago*, 237 F.3d 783, 787, n. 5 (7th Cir. 2001) ("Because Title I of the ADA incorporates the same deferral procedures, 42 U.S.C. § 12117, Elliott's reasoning applies equally to ADA cases."). It thus follows that the ERD's dismissal of Browns WFEA claim cannot preclude his ADA claim whether or not the dismissal could be viewed as a finding on the merits.

*Waid* is not to the contrary. In *Waid*, the Court held that a state administrative agency's factual determination that the defendant school district engaged in sex discrimination was entitled preclusive effect in the claimant's subsequent federal lawsuit for violating Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq*. 91 F.3d at 866-67. But in so holding, the Court noted that unlike Title VII of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972 "does not disclose any specific congressional intent about how federal courts should treat unreviewed decisions by a state agency that pertain to a lawsuit under Title IX." *Id.* at 864. Absent the Congressional intent to limit the preclusive effect of state administrative proceedings evident in Title VII, the issue is governed by federal common law which counsels deference to state law. *Id.* Because Wisconsin courts would give preclusive effect to the unreviewed decision of an administrative agency in other proceedings, *Waid* held that it would not be unfair to hold the school district in the plaintiff's Title IX case to the factfinding conducted by the ERD. That holding has no application to Brown's ADA claim here, however.

The same holds for the decision of the Western District of Wisconsin in *Jakob-Anderson v. City of Madison,* No. 03-C-455, 2004 WL 1774655 (W.D. Wis. July 21, 2004). Applying *Elliott* and *Waid* in that case, Judge Crabb granted preclusive effect to the unreviewed findings of the ERD on the plaintiffs claims under 42 U.S.C. §§ 1981 and 1983. The defendant did not even seek dismissal of the plaintiff's Title VII and ADEA claims, however, and Judge Crabb excluded them from her analysis, noting at the end of her decision that plaintiff's claims against the City under Title VII and the ADEA remained. *Id.* at 4.

Indeed, Brown's argument against issue preclusion here is even stronger than the plaintiffs' in *Waid* and *Jakob-Anderson* since the ERD made no finding on his allegation that Kraft

5

discriminated against him on account of his disability. Instead, as Kraft concedes, Brown's WFEA claim was dismissed as a sanction for his failure to provide discovery. Although such a dismissal may give rise to claim preclusion in an appropriate case, this is not such a case. The Seventh Circuit has expressly determined that dismissal of a WFEA disability claim does not bar a federal ADA claim under the claim preclusion doctrine. *See Staats v. County of Sawyer*, 220 F.3d 511, 517 (7th Cir. 2000) ("In short, because the WFEA claims had to be adjudicated in a forum of limited jurisdiction, Staats is not precluded from bringing his federal claims in another forum."). And since the ALJ made no finding on the issue of whether Kraft discriminated against Brown based on his disability, the ERD determination would have no bearing on the issues that arise under the ADA even if issue preclusion did apply.

Accordingly, and for the reasons set forth above, Kraft's motion to dismiss is denied. The Clerk is directed to set this matter on the Court's calendar for a Rule 16 scheduling conference. *See* Fed. R. Civ. P. 16(b).

**SO ORDERED** this   8th   day of August, 2011.

s/ William C. Griesbach
William C. Griesbach
United States District Judge